NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0257n.06

No. 24-1327

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| ROBERT DAVIS, | ) | **FILED** |
| Plaintiff-Appellant, | ) | May 19, 2025 |
|  | ) | KELLY L. STEPHENS, Clerk |
| v. | ) |  |
|  | ) |  |
| WAYNE COUNTY, MICHIGAN; ALISHA BELL, | ) | ON APPEAL FROM THE |
| Chairwoman of the Wayne County Board of | ) | UNITED STATES DISTRICT |
| Commissioners; TIMOTHY JOHNSON, Owner of | ) | COURT FOR THE EASTERN |
| Gaukler Pointe Communications, LLC; DONN | ) | DISTRICT OF MICHIGAN |
| FRESARD; CLARK HILL, PLC; GAULKER | ) |  |
| POINTE COMMUNICATIONS, LLC; MARTHA | ) | OPINION |
| G. SCOTT, Wayne County Board of | ) |  |
| Commissioners, | ) |  |
|  | ) |  |
| Defendants-Appellees. | ) |  |
|  | ) |  |

Before: STRANCH, BUSH, and NALBANDIAN, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Robert Davis sued Martha G. Scott, a Commissioner on the Wayne County Board of Commissioners, and her co-defendant associates under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment and for conspiring to do the same. In 2022, Davis worked for Scott under a one-year contract as a legislative aide. In the middle of that year, Davis, as a private citizen and without telling Scott, sued to have two local judges removed from the November 2022 general election ballot. Davis claims that Scott declined to renew his contract in retaliation for filing these suits. Davis also claims he lost his job because Scott's co-defendants pressured her into firing him. Lastly, Davis claims § 1983 subjects Wayne County to

municipal liability because, as alleged, Scott had unreviewable authority to set the employment policies of her office.

The district court dismissed Davis's suit for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Our review is de novo. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 395–96 (6th Cir. 2016).

To demonstrate First Amendment retaliation, a plaintiff must show, in part, that "the defendant took an adverse action against him." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007). The district court dismissed all of Davis's claims for failure to plead an adverse action, holding that the nonrenewal of an employment contract cannot constitute an adverse action. But in *Josephson v. Ganzel*, 115 F.4th 771 (6th Cir. 2024), rendered after the dismissal below, we squarely rejected reasoning similar to the district court's. *Josephson* held that "the decision to not renew [an employment] contract . . . is a traditional example of an adverse action." *Id.* at 787. The district court's judgment, therefore, cannot stand on the basis that Davis did not suffer an adverse action when he lost his employment.

Because the district court provided no other grounds for dismissal and because most of the briefing on appeal addresses this narrow question, we decline to hold anything further. We therefore **VACATE** the dismissal of Davis's suit and **REMAND** for further proceedings.